NOT DESIGNATED FOR PUBLICATION

No. 127,434

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Interest of I.G.,
a Minor Child.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Submitted without oral argument. Opinion filed October 18, 2024. Appeal dismissed.

*Meghan K. Voracek*, of Voracek Law Office, of Seneca, for appellant natural father.

*Kevin M. Hill*, county attorney, for appellee.

Before CLINE, P.J., MALONE and SCHROEDER, JJ.

PER CURIAM: Natural father (Father) of I.G. (born in 2009) appeals the district court's order dismissing Father's motion to enforce custody, claiming a provision in the journal entry terminating his parental rights noted it would be in I.G.'s best interests to continue having contact with Father while Father was incarcerated. Father timely filed a motion to alter or amend. Father does not appeal the actual termination of his parental rights. Per statute, Father's claim is not an appealable issue. We dismiss for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2019, the district court adjudicated I.G. a child in need of care (CINC). In October 2020, the State filed a motion for termination of parental rights of natural mother (Mother) and Father. In the motion, the State noted Father was incarcerated for two

1

convictions of aggravated indecent liberties with a child less than 14 years of age and his earliest possible release date is in June 2061. The district court conducted a bifurcated termination hearing. Mother eventually relinquished her parental rights, and Father's parental rights were terminated. At the termination hearing, the district court recognized the agreement reached among the parties that would allow Father phone contact with I.G. The district court went on to explain to Father the court could not enforce the agreement, and Father acknowledged he understood. The district court also noted in the journal entry:

> "[T]he best interests of the minor child would be served by allowing continued contact between the child and her natural father following termination of parental rights while the natural father is incarcerated in State Prison with an expected release date in the year 2061, and directs the Kansas Department of Corrections [KDOC] to provide for suitable contact between the natural father and minor child in that regard."

In June 2022, the district court issued an order closing the case under K.S.A. 38-2264(l) after I.G.'s adoption was final.

In July 2022, Father filed a motion to enforce the custody and adoption contract agreement, in essence claiming he was denied his rights, under contract law, to have suitable contact with I.G. The district court dismissed the motion in August 2022, noting (1) KDOC was not a party to the litigation, (2) the court lacked jurisdiction to grant Father's motions as the time for appeal expired, and (3) it lacked jurisdiction over KDOC to order compliance with any order of contact between Father and I.G. The district court explained:

> "It is within the sound discretion of KDOC to allow, disallow or limit any contact between [Father] and [I.G.] KDOC may establish rules and guidelines for regulating contact between a convicted sex offender and a minor child. . . . If KDOC denies contact between [Father] and [I.G.], it is within the agency's sound discretion."

In September 2022, Father filed a motion to alter or amend, but the motion was never ruled on. Father also filed his notice of appeal in September 2022.

ANALYSIS

Father essentially argues he entered an enforceable contract with the parties in this case, including the district court, and such contract was breached. Specifically, Father suggests his approval of the adoption of I.G. and termination of his parental rights would result in an order from the district court enforcing KDOC to provide suitable contact with I.G. while Father remained in prison. Father's appellate counsel notes she could not find a legal basis for Father's argument but presented the argument as Father requested under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The State responds we lack jurisdiction to consider Father's appeal as the notice of appeal was filed after the statutory deadline and the issue Father appeals is not an appealable order under K.S.A. 38-2273(a).

"Appellate courts have only such jurisdiction as is provided by law." *In re N.A.C.*, 299 Kan. 1100, 1106, 329 P.3d 458 (2014). Jurisdiction is a question of law over which we have unlimited review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022). K.S.A. 38-2273(a) provides: "An appeal may be taken by any party or interested party from any order of temporary custody, adjudication, disposition, finding of unfitness or termination of parental rights." Our Supreme Court explicitly held K.S.A. 2012 Supp. 38-2273(a) "limits what district court decisions may be appealed in a CINC proceeding." *In re N.A.C.*, 299 Kan. at 1101. We also note our Supreme Court has determined the last appealable order in a CINC case is the order terminating parental rights. *In re N.E.*, 316 Kan. 391, 418, 516 P.3d 586 (2022).

Here, Father is not appealing from one of the five appealable orders under K.S.A. 38-2273(a); therefore, we have no jurisdiction. Because we lack jurisdiction, we decline to address the State's claim Father's appeal is untimely.

Appeal dismissed.